IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 3:21-CR-00184-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | ) **ORDER**<br>) |
| KHEUNGKHAM VONGPHAKDY, | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on Defendant's Motion to Suppress ("Motion") (Doc. No. 35).[1] For the reasons discussed below, the Court will **DENY** the Motion.

## I. RELEVANT BACKGROUND

On July 13, 2011, in connection with his efforts to become a naturalized citizen of the United States, Kheungkham Vongphakdy appeared for an interview and applied for naturalization on form N-400 in which he certified that he had not committed a crime or offense for which he had not been arrested. (Doc. No. 26). At the conclusion of the interview, he signed the application for naturalization in the presence of a U.S. Citizenship and Immigration Services ("USCIS") officer and swore under penalty of perjury that the contents of his application were true and correct. (Doc. No. 1). On the same day, the USCIS approved the application for naturalization. (Doc. No.

---

[1] Pursuant to the Standing Arraignment Order, entered 8/13/2021, all "pretrial motions, and accompanying supporting memorandum of law, must be in writing and must be filed within sixty (60) days from the date of this Arraignment Order, or the date on which counsel is appointed or makes a general appearance, whichever occurs last. Motions not timely filed will be summarily denied." The date of the Arraignment Order, Defense Counsel's appointment, and Defense Counsel's first general appearance are all more than sixty days before the filing of his motion. (*See* docket generally). Therefore, the motion is untimely and is denied. Nonetheless, the Court will address the motion on its merits.

1

26). On August 3, 2011, Mr. Vongphakdy participated in a naturalization ceremony and was granted a Certificate of Naturalization. (Doc. No. 1).

On November 6, 2013, Mr. Vongphakdy was arrested for child sex offenses alleged to have occurred in 2008 and 2009. On that same date, Mr. Vongphakdy reportedly told officers that he had touched a child's vaginal area outside of the child's clothing. The State of North Carolina subsequently charged him with two counts of a second-degree sex offense with a child. (Doc. No. 26). On April 2, 2014, Mr. Vongphakdy pled guilty in state court to the charged conduct, which violated North Carolina General Statute § 14-27.5. He was then sentenced to a term of imprisonment of between 116 and 158 months for his admitted crimes.

On July 20, 2021, the United States charged that on or about August 3, 2011, Mr. Vongphakdy "knowingly procured, contrary to law, his naturalization and United States citizenship, that is, in his Application for Naturalization (N-400) to become a United States citizen, he provided false and fraudulent information as to material facts about his criminal history by falsely representing that he had not committed a crime or offense for which he was not arrested" in violation of 18 U.S.C. § 1425(a). (Doc. No. 1).

## II. DISCUSSION

Defendant moves this Court to suppress all inculpatory statements from his November 6, 2013 interview and all evidence obtained therefrom, alleging a violation of his rights under the Fifth Amendment of the United States Constitution. The Defendant argues his Fifth Amendment rights were violated in two ways. First, he says that officers violated his Fifth Amendment rights when they interrogated him without advising him of his *Miranda* rights for approximately four hours while he was in custody at the Charlotte-Mecklenburg Police Department. Second, he claims that the reported statements obtained during the interrogation were involuntary.

2

Case 3:21-cr-00184-KDB-DSC   Document 54   Filed 04/28/22   Page 2 of 4

However, the Court need not and does not reach the merits of the Defendant's argument because he has waived his right to raise a Fifth Amendment argument by virtue of his guilty pleas. The Fourth Circuit has held that a "guilty plea constitutes a waiver of all nonjurisdictional defects." *See Parker v. Ross*, 470 F.2d 1092, 1093 (4th Cir. 1972) ("Where… conviction is obtained upon a voluntary and intelligent guilty plea, it has been said that all nonjurisdictional defects are waived and cannot be raised after the plea is entered.").

In *United States v. Dennis*, 496 Fed. Appx 268 (4th Cir. 2012) a defendant who had plead guilty tried to raise a *Miranda* argument to attack inculpatory statements made before entering his guilty plea. *Id*. at 270. The Fourth Circuit swiftly rejected this challenge stating, "[w]hen a defendant voluntarily enters a guilty plea, he waives his right to challenge antecedent nonjurisdictional error not logically inconsistent with the establishment of guilt. Because [the defendant's] pleas are knowing and voluntary, he has waived appellate review of this issue." *Id; see also United States v. McClain,* No. 12-4895, 517 Fed. Appx. 144, 2013 U.S. App. LEXIS 6587, 2013 WL 1308279, at *2 (4th Cir. Apr. 2, 2013) (per curiam) (unpublished) (dismissing claim asserting "right to a reasonable bond" due to guilty plea); *see e.g*., *McKoy v. Gray,* No. 5:12-HC-2076-D, 2013 U.S. Dist. LEXIS 82678, at *10 (E.D.N.C. June 12, 2013) ("As for McKoy's 'claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea'—that he was never advised of his rights as required by Miranda, and never given a chance to contact a judge to ask for an appearance bond with all fees waived—McKoy's guilty plea precludes habeas review of these claims."). Consequently, the Defendant has waived the *Miranda* issue and the motion will be denied.[2]

---

[2] The Court will instruct the jury that whether a potentially incriminating statement was voluntarily given and, if so, what weight to give it are questions of fact, which are up to a jury to decide.

3

### III. ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion to Suppress, (Doc. No. 35), is **DENIED.**

**SO ORDERED.**

Signed: April 28, 2022

Kenneth D. Bell
United States District Judge