## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CRIMINAL ACTION NO. 3:21-CR-00184-KDB-SCR

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> KHEUNGKHAM VONGPHAKDY, <br><br> Defendant. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the Government's Motion to Revoke Citizenship (Doc. No. 76) and its Second Motion to Revoke Naturalization (Doc. No. 92), filed following Defendant's conviction for making false statements in his Application for Naturalization.

Briefly, Defendant entered the United States from Laos as a refugee in or around 1986 at the age of 12, and soon thereafter became a lawful permanent resident. Doc. No. 94 at 3. He was naturalized as a United States citizen in 2011.[1] *Id.* Three years later, Defendant was convicted of second-degree sex offenses involving conduct alleged to have occurred in 2008 and 2009, prior to his naturalization. Doc. No. 78 at 11.

In 2021, Defendant was indicted—and in 2022 convicted by a jury—of "knowingly procur[ing], contrary to law, his naturalization and United States Citizenship … that is, … he provided false and fraudulent information as to material facts about his criminal history by falsely representing that he had not committed a crime or offense for which he was not arrested," in

---

[1] As part of the citizenship process, Defendant completed a Form N-400 (Application for Naturalization). Doc. No. 1 at 1. In completing that document, when asked if he had ever committed a crime or offense for which he was not arrested, Defendant checked the 'no' box. *Id.*

1

violation of 18 U.S.C. § 1425(a). Doc. Nos. 1 at 2; 63. Following the conviction, the Government moved to revoke Defendant's citizenship. Doc. No. 76.

The Court held the motion in abeyance pending appeal. Doc. No. 79. After the Fourth Circuit affirmed the judgment, the Government renewed its request for revocation pursuant to 8 U.S.C. § 1451(e). Doc. No. 92. That same day, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, which the Government moved to dismiss. Doc. Nos. 93, 102. Defendant also sought to hold the Government's Second Motion seeking revocation of naturalization in abeyance pending resolution of his § 2255 petition. Doc. No. 94. The Court granted that request. Doc. No. 97. On June 17, 2026, the Court granted the Government's Motion to Dismiss and Defendant's § 2255 petition was dismissed and denied. Doc. No. 113.

As the Supreme Court has made clear, "when someone is convicted under § 1425(a) of unlawfully procuring h[is] … naturalization, h[is] citizenship is automatically revoked." *Maslenjak v. United States*, 582 U.S. 335, 338 (2017) (citing 8 U.S.C. § 1451(e)). Section § 1451(e) leaves the Court no discretion: when a person is convicted under § 1425 the Court "*shall … revoke, set aside, and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such person to be canceled.*" 8 U.S.C. § 1451(e) (emphasis added). Accordingly, the Court will grant the Government's Second Motion to Revoke Naturalization and deny as moot its initial Motion to Revoke Citizenship.

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Government's Second Motion to Revoke Naturalization (Doc. No. 92) is **GRANTED**;

2. The Government's Motion to Revoke Citizenship (Doc. No. 76) is **DENIED** as moot;

3. The Defendant is forever restrained and enjoined from claiming any rights, privileges, or advantages under any document that evidences United States citizenship obtained because of Defendant's naturalization on or about August 3, 2011;

4. The Defendant is directed to surrender and deliver his Certificate of Naturalization, and any copies thereof in his possession (and to make good faith efforts to recover and then surrender any copies thereof that he knows are in possession of others), to the Attorney General or Homeland Security Secretary immediately; and return any other indicia of United States citizenship, and any copies thereof in his possession (and to make good faith efforts to recover and then surrender any copies thereof that he knows are in possession of others), including, but not limited to, United States passports, voter registration cards, and other voting documents; and

5. The clerk of court shall transmit a copy of such order and judgment to the Attorney General.

**SO ORDERED.**

Signed: June 25, 2026

Kenneth D. Bell
United States District Judge